CHARLES H. GEORGE AND AMOS C. BARSTOW, RESPONDENTS, *v.* RICHARD S. GRANT AND OTHERS, APPELLANTS.

*Limited partnership* — 1 *R. S.*, 766, §§ 20 *and* 21 — *when a mortgage given by a special partner is void under.*

This action was brought by the plaintiffs, as creditors of a limited partnership, known as Vose, Dinsmore & Co., composed of Vose as the general, and Palmer and Dinsmore as the special partners, to set aside a mortgage given by Palmer upon his individual real estate to the defendant Grant. The money received upon the mortgage was used by Palmer in paying individual debts, among which were a debt due to Grant, the mortgagee, one due to Grant's sister, the amount of which he received as her agent, and one due to a firm of which Grant was a member.

The complaint alleged that at the time of giving the mortgage Palmer had by his acts become liable as a general partner, that he was insolvent, and that the mortgage was executed with the intent to give the said Grant, his firm and sister, a preference over the firm creditors, and that it was received by Grant with knowledge of such facts and intent.

Upon a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, *held,* that the mortgage was a violation of sections 20 and 21 of 1 Revised Statutes, 766, and void as having been executed with the intent to give to the individual creditors of the special partners a preference over the firm creditors.

APPEAL from an interlocutory judgment entered herein, overruling demurrers interposed to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*Geo. H.* and *F. P. Foster*, for the appellants.

*B. F. Blair*, for the respondents.

Potter, J.:

This is an appeal from the decision of this court, at Special Term, overruling a demurrer to the complaint interposed severally by the defendants, Palmer & Foster.

The action is brought by the plaintiffs, who allege, in their complaint, that they were creditors of a limited partnership, styled Vose, Dinsmore & Co., and composed of Vose as the general, and Palmer & Dinsmore as the special partners, to set aside a mortgage executed by said Palmer upon his individual real estate to the defendant Grant, for a loan of money with which he paid individual debts, among which were a debt to Grant, the mortgagee, and a debt owing by him to a firm of which said Grant was a member, and a debt owing by him to the sister of Grant, who received the same as the agent of the sister.

The complaint also alleges that said Palmer, by reason of his acts, and section 22 of the act in relation to limited partnership (1 R. S., 767), had become liable as a general partner. That said mortgage was void, having been executed contrary to section 21 of said act, and asking to have said mortgage, and the proceeding to foreclose, and the deed conveying the premises described in said mortgage to the defendant Foster on the foreclosure sale, set aside.

Soon after the receiving of said mortgage, the mortgagor Palmer executed a general assignment of his individual property to the defendant Foster, for the benefit of his individual creditors, and such assignee is made defendant in this action ; and about the same time the partnership of Vose, Dinsmore & Co. also made an arrangement for the benefit of the partnership creditors, and that Vose, Dinsmore & Co. are insolvent.

The grounds of the demurrer are, that the complaint does not state facts sufficient to constitute a cause of action, and that Vose and Dinsmore are necessary parties to the action. Sections 20 and 21, above referred to, of part 2, chapter 4 of title 1 (1 Revised Statutes, 766–767), are as follows :

"Section 20. Every sale, assignment or transfer of any of the property or effects of such partnership made by such partnership, when insolvent or in contemplation of insolvency or after, or in contemplation of the insolvency of any partner, with the intent of giving a preference to any creditor of such partnership or insolvent partner, over other creditors of such partnership ; and every judgment confessed, lien created or security given by such partnership, under the like circumstances, and with the like intent, shall be void as against the creditors of such partnership."

"Section 21. Every such sale, assignment or transfer of any of the property or effects of a general or special partner, made by such general or special partner when insolvent, or in contemplation of insolvency or after, or in contemplation of insolvency of the partnership, with the intent of giving to any creditor of his own, or the partnership, a preference over creditors of the partnership, and every judgment confessed, lien created, or security given by any such partner, under the like circumstances, and with a like intent, shall be void as against the creditors of the partnership."

The complaint alleges, in addition to the facts above stated that, at the time of the giving the mortgage by said Palmer, he was insolvent, and that the mortgage was executed with the intent of giving to the defendant Grant, his firm, and his sister and other individual creditors a preference over the creditors of the partnership, and that the mortgage was received by said Grant with like intent and purpose, and knowing of the insolvency of said Palmer, etc. This would seem to be a preference forbidden by the terms of the statute referred to and to constitute a cause of action in favor of the plaintiffs, who are creditors of the partnership, to have the instrument or mortgage, through which such preference was attempted to be affected, declared void and ineffectual as against these plaintiffs.

The language of this statute is plain and its meaning certain. It declares that any sale, assignment or transfer of property, and every judgment confessed, lien created, or security given by a general or special partner when insolvent, or in contemplation of insolvency, with the intent of giving to any creditor of his own a

preference over creditors of the partnership, shall be void as against the creditors of the partnership. This provision, of course, relates only to limited partnerships and to the general or special partners in limited partnerships. A very clear exposition and history of this statute may be found in *Farnshawe* v. *Lane* (16 Abb., 71).

The provision makes such preferences void regardless of any knowledge by the creditor of the insolvency or the intent of the partner; the invalidity of the preference is not made to depend upon any knowledge or collusion or fraud upon the part of the creditor. In this respect, the provision under consideration is unlike many other statutes declaring transactions between debtor and creditor or third party void. It is plain that if the transaction is direct between the partner of a limited parnership and his creditor it is void, and the creditors of the partnership would be declared to be entitled to the fruits of the preference.

Is the rule different when, as is alleged and admitted in this case, the money was borrowed of, and the security therefor given to a person who was himself a creditor, and was also one of the firm which was a creditor of the partner and to which firm a portion of the money so borrowed was paid, while another portion of the borrowed money was paid to the lender as the agent of his sister, another creditor of the partner, and the money was loaned, and these payments from it made to these individual creditors, with the full knowledge upon the part of the lender that the special partner was insolvent, and was paying away the money received from him upon the mortgages in question to give his own creditor a preference forbidden by law.

To hold that a mortgage given under such circumstances was not within the object and spirit of the statute would be altogether too narrow and technical a construction. Whether the operation and effect of this statute would conflict with any rule adopted by the courts for paying, distributing or marshaling the assets of partnerships or individual debtors among their creditors is not worth our while to inquire; nor is it important to inquire at this stage of the case whether the mortgage is totally, or but partially, void. That question will be decided in the progress of the case to a full and final determination. We are only required upon this

appeal to determine whether there is a right shown by the allegations of the complaint admitted by the demurrer, constituting a cause of action against the defendants, who have demurred to the complaint.

There can be no question in regard to the necessity and propriety of making Foster, the assignee of the defendant Palmer, a defendant in this action. . He stands, by reason of Palmer's assignment to him, in place of Palmer in respect to the equity of redemption upon the mortgage in question, and all the assigned estate.

The defendants, Palmer and Foster, only of the defendants in the action, demurred to the complaint. We are clear, as against them, the complaint states a cause of action. The remaining ground of the demurrer is that Vose and Dinsmore are necessary parties to this action. We perceive no reason or occasion for making them parties. They never owned or had any interest in the property, the transfer of which is sought to be set aside by this action.

It is the creditors of the partnership, and not the partners, who have a right to complain of the transfer in question.

We think the questions raised by the demurrers were well decided, and their decision should be affirmed, with costs.

BRADY, J :

I concur, although I do not regard the question discussed free from doubt. The statute, as suggested in the case cited from 16 Abbott's Practice, is susceptible of two interpretations, the design would seem to be to keep the partnership interest intact for creditors of the firm, and to subject the independent individual rights acquired by the limited relation to their demands, and not to extend the equity to the individual property of the special partner.

Present — BRADY and POTTER, JJ.

Order affirmed, with costs.